IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                      No. CR 07-926 JB

ROBERTO MARTINEZ-COBARUBIAS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Sentencing Memorandum for Defendant Roberto Martinez-Cobarubias, filed August 4, 2007 (Doc. 17). The Court held a sentencing hearing on September 26, 2007. The primary issues is whether Martinez-Cobarubias' criminal history of IV overstates his criminal history or is not a reliable predictor of his future conduct. For the reasons stated at the hearing, and for reasons stated herein consistent with those already stated, the Court grants Martinez-Cobarubias' request for downward departure on the basis of overstated criminal history. The Court will grant Martinez-Cobarubias' request to be sentenced consistently with a criminal history category of III because a criminal history of IV overstates his past, and a criminal history category of III more accurately represents Martinez-Cobarubias' criminal history and his future conduct.

## PROCEDURAL HISTORY

The United States Probation Office ("USPO") disclosed a Pre-Sentence Investigation Report ("PSR") for Martinez-Cobarubias on June 19, 2007. See Pre-Sentence Investigation Report, disclosed June 19, 2007. The USPO added two points to Martinez-Cobarubias' criminal history

computation, because he committed this federal offense less than two years after his release from custody. See PSR ¶ 27, at 8. Martinez-Cobarubias was in prior custody for first-degree unlawful imprisonment, a felony, second-degree assault under emotional distress, a felony, and terroristic threatening, a misdemeanor. See  PSR ¶¶ 26, 27, at 7-8.  The USPO computed  Martinez-Cobarubias' criminal history points at 7, establishing a criminal history category of IV. See PSR ¶ 28, at 8.

On September 4, 2007, Martinez-Cobarubias submitted a sentencing memorandum. See Sentencing Memorandum for Defendant Roberto Martinez-Cobarubias, filed Sept. 4, 2007 (Doc. 17)("Sentencing Memo."). Martinez-Cobarubias contends that the PSR overstates his criminal history. See Sentencing Memo. at 1-3. Martinez-Cobarubias contends that he "has only one [other prior] conviction for anything other than a minor drug possession or automobile traffic charge." Id. at 1. Martinez-Cobarubias acknowledges that his other previous conviction was very serious, and resulted from a domestic dispute. See id. at 1. Martinez-Cobarubias argues that the conviction was for a crime "of passion that is not likely to be repeated and accounts for 5 of Defendants [sic] 7 criminal history points." Id. at 1-2. Martinez-Cobarubias acknowledges that his criminal history score was computed accurately, but contends it is "more consistent with that of a person with a much more active criminal past." Id. at 2. Martinez-Cobarubias requests that he be given a criminal history category of III, by the reduction of one criminal history point, and a resulting sentencing range of 46-57 months. See id. Martinez-Cobarubias contends that the Court may adjust his overstated criminal history score under U.S.S.G. § 4A1.3. See Sentencing Memo at 3. Martinez-Cobarubias requests a downward departure because the guideline sentence "is completely out of proportion to his present crime of illegal reentry." Id. Martinez-Cobarubias also requests a variance under 18 U.S.C. § 3553 (a). See id. at 4-6. Martinez-Cobarubias requests a sentence in the range

of 37 to 46 months.  See id. at 6.

The United States contends that allowing an adjustment to Martinez-Cobarubias' criminal history category would introduce unwarranted sentencing disparities among defendants who have committed similar crimes.  See United States' Response to Sentencing Memorandum at 6, filed Sept. 12, 2007 (Doc. 18)("Response").  The United States contends that "most defendants charged with illegally entering the United States after deportation could make arguments similar to the ones made by the Defendant."  Id.  The United States argues that the two points assessed to Martinez-Cobarubias' criminal history were properly added "because the instant offense was committed less than two years after the Defendant was released from custody for the 2004 Assault convictions."  Id. at 4 (citing PSR ¶ 27, at 8).  The United States also denies that any of the factors in 18 U.S.C. § 3553 (a) favor variance from the guideline range for  Martinez-Cobarubias.  See id. at 3-4.

Martinez-Cobarubias acknowledges that a 16-level enhancement is appropriate for him.  See Reply in Support of Sentencing Memorandum for Defendant Roberto Martinez-Cobarubias at 1, filed Sept. 20, 2007 (Doc. 19).  Martinez-Cobarubias' contends, however, that "his singular prior act of violence is not indicative of [his] criminal history."  Id.  Martinez-Cobarubias emphasizes that 5 of the 7 criminal history points assessed to him are from a "a single act."  Id. at 2.  Martinez-Cobarubias argues that his "lack of other criminal activity demonstrates that [his] criminal history category is over stated."  Id.

On September 14, 2007, the USPO also responded to Martinez-Cobarubias' objection to his criminal history categorization.  See Addendum to the PSR, dated September 14, 2007.  The USPO maintains that  Martinez-Cobarubias' criminal history was properly calculated and representative of his criminal past.   The USPO noted that it calculated one point for Possession/Drug Paraphernalia, DUI Alcohol/Drugs, Speeding, and No Driver's license in 2001, and a Possession of

Marijuana conviction in 2003.  See id. at 1.  It also noted that Martinez-Cobarubias was assessed a total of 5 criminal history points, including 2 for being under a criminal justice sentence, for his assault convictions in 2005.  See id.  The USPO office contends that the assault convictions were "crimes of violence in that the defendant unlawfully restrained his girlfriend for four days inside an apartment, terrorized and beat the victim, stabbed her with a box cutter in the leg, and threatened to kill her." Id.

The Court held a hearing on this matter on September 26, 2007.  The United States acknowledged that Martinez-Cobarubias' criminal history "does look a little heavy even though the one offense which elevates him up . . . is a horrendous offense."  Transcript of Hearing (taken September 26, 2007) ("Tr.") at 7:18-22 (Cairns).[1] The United States indicated that it would not have a strong objection to the Court sentencing Martinez-Cobarubias consistent with a criminal history category of III.  See id. at 7:24-8:3 (Cairns). After the Court found that Martinez-Cobarubias' criminal history was overstated, and granted Martinez-Cobarubias' request to be sentenced consistently with a criminal history category of III, resulting in a guideline sentencing range of 46-57 months, Martinez-Cobarubias withdrew his request for further variance under United States v. Booker and 18 U.S.C. § 3553 (a).  See Tr. at 10:1-11:23 (Court & Walz).

## ANALYSIS

While the Court is concerned about the severity of Martinez-Cobarubias' domestic violence crimes, and the recency of that violence, the Court is concerned that a criminal history category of IV substantially overstates his criminal past.  Most of his criminal history points arise from that one incident, and his resulting score appears to be very high in comparison to other similarly situated

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

defendants, given his overall criminal background. The Court believes that a criminal history category of III more accurately reflects his criminal past and his likely future conduct.

**IT IS ORDERED** that the request in Sentencing Memorandum for Defendant Roberto Martinez-Cobarubias for a downward departure to a criminal history category of III is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Larry Gomez
  Acting United States Attorney
Rhonda P. Backinoff
Norman Cairns
  Assistant United States Attorneys
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Jerry A. Walz
Walz and Associates
Cedar Crest, New Mexico

       *Attorney for the Defendant*